ALICE A. JOSLIN *vs.* ELIJAH ASTLE, JR.

MARCH 6, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is a proceeding in equity which is now before this court on the complainant's motion to dismiss the respondent's appeal from a decree entered in the superior court.

The complainant, as part owner of certain real estate, is seeking to establish a trust in her favor in certain leases, in one of which the respondent is lessee and in the other lessor, and to obtain other relief incident thereto.

The decree in question is entitled "Final Decree," and was entered by the superior court after a hearing of the cause on its merits. The decree as entered granted the relief prayed for in the bill of complaint, one prayer of

which was that an account be taken, covering a fixed period, of the rents and profits of the premises involved. The decree provided that this account should be taken by a master, and referred the cause to him for that purpose.

The appeal now before us was taken within ten days after the entry of this decree in the superior court. An examination of the decree clearly discloses, however, that it is not one of the types of interlocutory decrees in equity which are referred to in general laws 1923, chapter 339, sec. 34, as being appealable to this court within ten days after the entry thereof, and the respondent makes no such claim. If the appeal, therefore, is properly before us, it must be because the decree in question should be held to be substantially the final decree in the cause, any later proceedings in the superior court being merely supplemental thereto. That is the position taken by the respondent. On the other hand, the complainant contends that the decree should not be considered as final because master's hearings on the accounting are to be held, and that the appeal is premature.

This court, in *McAuslan* v. *McAuslan*, 34 R. I. 462, set out clearly the essential principles necessary to be applied in determining whether or not any particular decree should be considered as a final decree, and also pointed out certain recognized exceptions to the holding therein. The court in that case at page 473 defined a final decree as follows: "The final decree in an equity cause is the decree which finally determines the rights of the parties, provides for the relief which the court finds to be necessary that the parties may have the full benefit of the court's determination upon the merits, and at most merely requires one or more orders or supplemental decrees for its enforcement." The difficulty, however, arises in applying this rule to the facts and circumstances of any particular case.

Since *McAuslan* v. *McAuslan, supra,* was decided, numerous cases have been before this court on the question of whether the decrees involved were final or interlocutory, and the law enunciated in the *McAuslan* case has been

consistently applied and followed. In *Whipple* v. *Wales,* 46 R. I. 81, this court, in deciding that a certain decree was interlocutory, showed that previous decisions of the court in *Angevine* v. *O'Mara,* 35 R. I. 253, and in *McQuillan* v. *McQuillan,* 35 R. I. 373, were consistent with each other, and that, in both, the holding in the *McAuslan* case was correctly applied.

We are of the opinion that the decree now before us in the instant cause, tested by the principles laid down in the *McAuslan* case, is a final decree. It was entered in the superior court after a full hearing on bill, answer, replication and proof, and in it the complainant was given all the relief she prayed for specifically. All questions in the cause then before that court on the merits were disposed of by the decree as entered. The respondent was held to be trustee, for the complainant's benefit, of a one-half interest in certain leases, was directed to make transfers and assignments of his right, title and interest in and under certain leases so as to vest such interest in the complainant, and was permanently enjoined from assigning, mortgaging, pledging or otherwise encumbering or alienating certain leases, and also any interest which the complainant might have in the premises in Pawtucket, known as the "Lee Block."

The decree further found that the complainant was entitled to an accounting, covering a previous period, and ordered that the matter be referred to a master to take such accounting, the scope of which was settled by the decree; but the carrying out of the relief granted in the first part of the decree, upon the merits, was in no way contingent or dependent upon the result of the accounting. In our judgment, this decree made a present disposition of all the relief prayed for in the cause then before the superior court, finally determined the rights of the parties, and provided for the merely supplemental relief which the court found to be necessary, in order that the parties might have the full benefit of the court's determination upon the merits of the controversy.

The cases of *Whipple* v. *Wales, supra; Lederer* v. *Rosen,* 43 R. I. 315; and *Angevine* v. *O'Mara, supra,* which have been called to our attention by the complainant as supporting her position and as controlling herein, we deem to be distinguishable on their facts from the instant cause.

In *Whipple* v. *Wales, supra,* a bill in equity for partition of land, a decree was entered ordering that partition be by metes and bounds, and appointing a commissioner to make such partition. From this decree an appeal was taken which was dismissed by this court, on the authority of *McAuslan* v. *McAuslan, supra,* on the ground that such decree was interlocutory. In that case, the obtaining of the relief sought depended upon the findings of the commissioner. The only relief prayed for was the partition, and that would not take place until the commissioner had made his report and it was confirmed by the court.

*Lederer* v. *Rosen, supra,* was a bill in equity to compel the specific performance of a written contract to convey real estate. After a hearing in the superior court, a decree was entered ordering that the respondent convey to the complainant by deed a clear title to the real estate involved, subject to the dower right of the respondent's wife and a mortgage; that the cause be referred to a master for the purpose of fixing the allowance to be made for the dower right on the purchase price of the premises; and that upon the delivery of the deed, the complainant pay to the respondent the purchase price, less the value of the dower right as found by the master. An appeal was taken from this decree, and this court, following *McAuslan* v. *McAuslan, supra,* dismissed the appeal, holding that the decree was not final. At page 316, the court said: "Under this decree the respondent is not required to deliver the deed until the value of the dower right of his wife has been determined by the master."

In that case, it is clear that an important issue was the value of the dower right, and until that had been fixed by the master, the complainant could not obtain any relief.

The amount of the price to be actually paid for the property by him, and the delivery of the deed by the respondent, had to await the report of the master. The carrying out of all relief was contingent upon that finding.

The case of *Angevine* v. *O'Mara, supra,* is of the same general type as the two cases just discussed. It was a partition suit, and a decree therein was held to be interlocutory because upon the coming in of the commissioner's report, further hearings would be necessary to ascertain the value of the interest of a party in a certain fund, to be derived from the sale of the premises involved, and to determine the manner of distribution. This was a necessary and vital part of the partition.

In these above-mentioned cases, wherein decrees were held to be interlocutory, the benefit of the relief prayed for and granted could not be obtained until after the master or the commissioner had made his report. Until that time the litigation before the court was not terminated on its merits. The situation is otherwise in the cause now before us. The merits herein have been determined in the superior court, and any further action, therefore, that may be taken in that court will be only supplemental.

As we have found that the decree entered in the superior court in the instant cause is a final decree, the complainant's motion to dismiss the respondent's appeal is denied.

*Edward L. Leahy, George Hurley, Walter V. Moriarty, Walter V. Connly,* for complainant.

*Grim & Littlefield, Benjamin W. Grim,* for respondent.