MOTION FOR RECONSIDERATION
Before this Court is Thomas R. DiLuglio's (hereinafter "plaintiff") motion for reconsideration of a decision by this Court to stay this action pending Providence Auto Body's (hereinafter "defendant") appeal to the Rhode Island Supreme Court.
In support of plaintiff's motion for reconsideration, plaintiff argues that the stay should be reversed since the defendant had no right of appeal. Plaintiff states that this Court had not reached a final judgment on the merits so as to permit the appeal. Plaintiff's contention is incorrect as this Court's decision was a final judgment.
In Joslin v. Astle, 56 R.I. 61, 183 A. 637 (1936), our Supreme Court stated that a judgment, which makes a present disposition of all the relief prayed for and finally determines the rights of the parties, is a final decree from which an appeal may lie, notwithstanding the fact that the decree provides for an accounting to be taken by a master. Similarly, in the instant case, such a judgment was entered.
On August 24, 1994, this Court, after several hearings, entered a written decision in favor of plaintiff. The decision granted the relief prayed for in plaintiff's complaint, finding that plaintiff was the holder of 200 shares of Providence Auto Body stock and that the fair market value of those shares be given to plaintiff. The decision further provided that a master would be appointed to appraise the value of said stock.
As the Court found in Joslin, defendant does have a right to appeal the judgment of this Court, notwithstanding the appointment of a master. Finding plaintiff's other arguments to be without merit, this Court must and does affirm its decision to issue a stay pending defendant's appeal.
Accordingly, after reconsideration, this Court upholds its prior decision to grant defendant's request to stay the proceedings pending an appeal to the Rhode Island Supreme Court.